In the Matter of the Estate of ABRAHAM L. ERLANGER, Deceased.

Surrogate's Court, New York County, November 5, 1934.

*B. Hershkopf*, for the temporary administrator.

*Lester Weil*, for the liquidator of Consolidated Indemnity and Insurance Company.

*Edward F. Keenan*, for George S. Van Schaick, Superintendent of Insurance, in charge of the liquidation of National Surety Company.

*Thomas E. White*, for Fidelity and Deposit Company of Maryland.

*Hamilton & Freeman*, for American Surety Company of New York and for New York Casualty Company.

DELEHANTY, S. The temporary administrator of this estate was directed by the court to furnish a bond of $2,200,000 and thereafter on or about May 3, 1930, filed in this court the bond of the Consolidated Indemnity and Insurance Company in that sum. With the bond of the Consolidated Indemnity and Insurance Company there are filed various contracts of reinsurance. Since the main surety could not lawfully assume a risk in the amount required by the court order it reinsured portions of its liability with the National Surety Company, with the Fidelity and Deposit Company of Maryland, with the American Surety Company and with the New York Casualty Company; all four of which companies were corporations then authorized to transact fidelity and insurance business in this State. The contracts of reinsurance executed by each of the companies named are a part of the records of this court on the faith of which letters of temporary administration were issued by it.

The respective reinsurance agreements so filed contain among other things the following: " If, under any law, this agreement is required to be in such form as to enable the obligee or beneficiary of the Bond to maintain an action hereon against the Reinsured jointly with the Reinsurer, and upon recovering judgment against the Reinsured to have recovery against the Reinsurer for payment to the extent in which it may be liable under this reinsurance and in discharge thereof, then this agreement shall be deemed to be a compliance with such law, and if in consequence thereof either party hereto is forced to pay, on account of loss, attorneys' fees and

expenses in an amount in excess of its proportion fixed in this agreement, such excess shall be repaid by the other party hereto."

Each contract stated among other things also: " The liability hereunder of the Reinsurer begins simultaneously with that of the Reinsured; on the 3rd day of May 1930 and ends, unless this agreement shall be previously cancelled in accordance with the terms hereof, with the termination of the liability of the Reinsured."

The Consolidated Indemnity and Insurance Company is in liquidation under the terms of article XI of the Insurance Law which article as a whole was added to the Insurance Law by chapter 191 of the Laws of 1932, effective March 15, 1932. The order directing liquidation of the Consolidated Indemnity and Insurance Company was entered on May 29, 1934. Under the same article of the Insurance Law, the National Surety Company, one of the reinsurers, is in liquidation. The order directing liquidation of that company is dated June 1, 1934. The three other reinsurers are solvent going concerns.

Section 24 of the Insurance Law (effective when this bond and the reinsurance contracts were signed) limits to an amount not exceeding ten per cent of its capital and surplus the risk or hazard to which any stock corporation transacting business of insurance in this State might expose itself. It provides that any portion of such risk or hazard which shall have been reinsured in a corporation authorized to do insurance business in this State shall be excluded in determining whether the risk assumed exceeds the limitation. The section defines the reinsurance applicable to limitation of a fidelity or surety risk or hazard as follows: " (a) Reinsurance in a corporation authorized to transact the fidelity or surety business in this State, provided that such reinsurance is in such form as to enable the obligee or beneficiary to maintain an action thereon against the company reinsured jointly with such reinsurer and, upon recovering judgment against such reinsured, to have recovery against such reinsurer for payment to the extent in which it may be liable under such reinsurance and in discharge thereof."

The liquidator of the Consolidated Indemnity and Insurance Company (the main surety) moves now for release of the obligation of that company from further liability as surety for the acts or omissions of the temporary administrator. His notice of motion is directed to the temporary administrator and to the four reinsurers of the risk. The motion is made under the provisions of section 109 of the Surrogate's Court Act, the terms of which are substantially similar to section 158 of the Civil Practice Act, which is referred to in and made the basis to a concurring application by one of the reinsurers.

Section 109 of the Surrogate's Court Act provides that a surety is entitled as matter of right to be discharged from liability as provided in the section. The court under the section must on such application require the principal to file a new bond within five days. If the bond is filed the court must make a decree requiring the principal within twenty days to account for his acts up to the date of such decree and releasing the surety who makes the application from liability for any act or default of the principal subsequent to the day of the decree. If on the hearing the principal fails so to file a new bond an order must be made revoking the appointment of the principal and requiring him to account within the same period. The surety is given the power to make and file an account for the principal if the latter fails to do so and may in such circumstances take credit for all items to which the principal would be entitled had he made the account. When the account so authorized has in fact been filed and a settlement of it had, the court must make a decree which determines the rights and liabilities of all the parties.

The temporary administrator has not yet filed a new bond. The parties have not asked for his removal but on the contrary they specifically assent to his continuance in office pending the efforts now being made by him to procure a substitute bond in an amount fixed by the court.

In making this application for release from further liability the liquidator of the Consolidated Indemnity and Insurance Company concedes in form at least that until an order is made for release of the surety its liability continues. The liquidator of the National Surety Company joins in the application of the moving party and asks likewise to be released. In making this request it concedes also that its liability continues until the order or decree is made under the terms of the section cited.

The reinsurers do not agree upon their legal status. Two of them — American Surety Company and New York Casualty Company — appear in the proceeding, assert that a direct liability exists on their parts respectively to the obligees under the original bond of the Consolidated Indemnity and Insurance Company and ask affirmatively for discharge from further liability. The Fidelity and Deposit Company of Maryland files an answering affidavit wherein it asserts that by the terms of article XI of the Insurance Law the bond of the Consolidated Indemnity and Insurance Company terminated on May 29, 1934, the date of the liquidation order, and it asserts that its own liability terminated likewise. It makes no application for discharge from liability. It denies any direct liability to the obligees on the bond of the temporary administrator.

The liquidator of the National Surety Company states to the court through counsel that he is unable to determine the effect upon the liability of that company as reinsurer of the order of liquidation of the main surety. The same doubt obviously exists in respect of the effect of the order made June 1, 1934, directing liquidation of the National Surety Company.

Counsel for the respective parties state that their examination of the authorities discloses no expression of the views of any court directly on the points in issue.

A major question is the effect upon outstanding contracts of insurance of an order under article XI of the Insurance Law directing liquidation of an insurer of a fidelity risk. As stated, one of the reinsurers asserts directly and the liquidator asserts impliedly that such order of liquidation completely terminates liability by virtue of the order and the statute. Indeed, one of the parties asserts that no order of this court need be made under the provisions of section 109 of the Surrogate's Court Act.

The court rejects entirely this concept of the effect and meaning of article XI of the Insurance Law. Such interpretation of the act is wholly inadmissible. The legislative power could not extend to an abrogation of existing contracts in the manner suggested if the statute meant what is asserted in support of the position stated. (U. S. Const. art. 1, § 10.) The statute, however, does not mean anything of the sort suggested. A fidelity bond is in its essence a continuing obligation. It is intended to operate until an accounting is had for the benefit of the person insured against the risk of defalcation. To say that by the entry of a liquidation order the liability of the surety ceases is to say that thenceforth the fiduciary whose fidelity is insured may with impunity (so far as the surety is concerned) misappropriate the property in his hands or waste or destroy it leaving the obligee without remedy against the surety. The effect of such a holding would be to destroy entirely the scheme of protection which underlies the limitations in section 109 of the Surrogate's Court Act and section 158 of the Civil Practice Act. The plan there outlined whereby the obligees are at all times protected against misconduct of an unbonded fiduciary would be rendered wholly abortive in the case of companies in liquidation. A meaning so certain to result in untold harm and loss without remedy cannot be ascribed to legislature or executive. The provisions made in the existing emergency for the liquidation of companies unable to carry on are made in the light of and with the intent to observe the obligations of the liquidated companies upon risks which they have undertaken. In the case of fidelity bonds that risk continues until a decree settling the account

of the original obligor has fixed the rights and liabilities of the parties. Under the statute the liquidator in behalf of the sureties can ask for discharge as has here been done. It is the liquidator's duty to make such application and to pursue the course prescribed in the pertinent statutes (Civ. Prac. Act, § 158; Surr. Ct. Act, § 109) to procure discharge or to fix the amount of liability. When and only when the decree settling the account contemplated by the section has been filed is the liability of the surety terminated or specifically fixed. Until that liability is terminated the company in liquidation is bound by its contract to the extent at least of subjecting its assets in the hands of the liquidator to payment of that proportion of the liability ultimately fixed which its assets as eventually marshaled will permit.

The quoted provision of the reinsurance agreement filed in this court by the respective reinsurers and the provision of section 24 of the Insurance Law require comment. There can be no dispute that the reinsurers were fully aware of the character of the risk assumed by the main surety and of the limitation upon its right to carry the risk without reinsurance. There can be no doubt that the reinsurers executed their respective agreements of reinsurance for the purpose of having them filed by the main surety with this court as a necessary preliminary to the issuance of letters to the temporary administrator. It is clear, too, that the reinsurers participated in the premium originally paid to the main surety by the temporary administrator and in the renewal premiums thereafter paid.

The reinsurers knew that the risk incurred by the main surety could be validly limited only by reinsurance in such form as to enable the obligee or beneficiary to maintain an action against the reinsurer jointly with the company reinsured and, upon recovering judgment against such reinsured, to have recovery against such reinsurer to the extent of its reinsurance. With that knowledge of the law the reinsurers respectively signed the contract of reinsurance containing the excerpt hereinbefore set forth.

The effect of all this is that each of the reinsurers is liable to the obligee under the bond of the main surety for the amount respectively of the risk which it reinsured; and that such reinsurers can obtain discharge of that liability only in the form prescribed in the Surrogate's Court Act. The temporary administrator may voluntarily account. He may be called to account by one of the parties in interest. The main surety may require him to account under section 109 of the Surrogate's Court Act. The reinsurer may require an account under the same section. When there has been made a decree in any such proceeding fixing the rights and

liabilities of the parties the obligation of the reinsurers will be discharged if such decree is complied with by the temporary administrator and if it approves in all respects the acts of such administrator. If such decree on accounting shall hold liable the temporary administrator for property remaining in his hands or for loss of property or for failure to collect property or for any other act of mismanagement, the reinsurers to the extent of their contracts must stand ready to secure to the obligees under the main surety bond the rights secured to them by the decree.

The answer of the Fidelity and Deposit Company of Maryland is held to be insufficient in law. The entry of the order of liquidation of May 29, 1934, in respect of the Consolidated Indemnity and Insurance Company is held to be insufficient to effectuate the discharge from liability of such company. The entry of the order of liquidation of the National Surety Company on June 1, 1934, is held to be insufficient to effectuate the discharge from liability of the National Surety Company upon its reinsurance contract. The National Surety Company, the Fidelity and Deposit Company of Maryland, the American Surety Company and the New York Casualty Company are held to be directly liable to the obligees under the main bond to the extent of the amounts specified in their respective contracts of reinsurance, unless and until they are discharged from liability in conformity with the Surrogate's Court Act.

Since the Fidelity and Deposit Company of Maryland stands entirely upon its claim of discharge by operation of law, its liability remains a continuing one wholly unaffected by this proceeding.

The application of the liquidator of the Consolidated Indemnity and Insurance Company, of the liquidator of the National Surety Company, and of the American Surety Company and the New York Casualty Company for discharge from liability are granted respectively to the extent preliminarily of directing the temporary administrator to file within five days after the date of entry of the order to be made herein a new bond in a sum which will be fixed upon the settlement of the order. If such new bond shall be filed the court will make a further order in this proceeding requiring the temporary administrator to account within a time to be fixed and releasing the petitioning sureties for any act or default of the principal subsequent to the date of such further order. If within the time specified the principal shall fail to file such new bond a further order will be made in this proceeding in conformity with section 109 of the Surrogate's Court Act.

Submit on notice order accordingly.